# United States District Court
## For the Western District of Virginia
## Harrisonburg Division

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| | ) | Criminal No: 5:14cr00044 |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **REPORT AND** |
| **v.** | ) | **RECOMMENDATION** |
| | ) | |
| | ) | |
| **DAVID JOSUEH MEDINA,** | ) | By:  James G. Welsh |
| | ) | U. S. Magistrate Judge |
| *Defendant* | ) | |
| | ) | |
| _____ | ) | |

On November 10, 2014 came the United States, by counsel, and came also the defendant, in person and by counsel.  At which time counsel for the parties jointly represented that the parties had entered into a **plea agreement pursuant to Rule 11(c)(1)(C)** in accordance to which the defendant desires to waive his absolute right to grand jury presentment and to permit the filing of a criminal Information charging him in Count One with distribution of a substance containing heroin resulting in serious bodily injury, charging him in Count Two with aiding and abetting a similar distribution on a second occasion resulting serious bodily injury, and also containing a forfeiture notice.

The Information was then received for filing.  In accordance with the provisions of Title 28 U.S.C. § 636(b) and with the informed and written consent of the defendant and his counsel, an initial appearance, waiver of indictment, waiver of preliminary hearing and guilty plea proceedings were conducted before the undersigned on the same date.  The proceedings were recorded by a court reporter.  *See* Rules 5.1(g) and 11(g).  The United States was represented by

Elizabeth Wright, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Sherwin Jacobs.

The defendant was advised of his right not to make a statement, and that any statement made may be used against him. *See* Rule 5(d)(1)(E). It was then noted for the record that the defendant had been previously apprised of his right to retain counsel or to request appointment of counsel and that counsel had been appointed pursuant to his request. *See* Rule 5(d)(1)(B). In response to the court's inquiry, the defendant represented that he had been given a reasonable and adequate opportunity to consult with his counsel and that he was prepared to proceed. *See* Rule 5(d)(2).

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. The defendant then testified that he can read, write and speak English without difficulty. He stated he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate in the proceeding; he is using no medication or drugs which might impair his ability to understand and participate in the proceeding, and his mind was clear. The defendant's attorney then confirmed that he had discussed with his client the issues related to a waiver of indictment on the offenses charged in the Information, that his client fully understood his right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charges was fully voluntary on his part.

As set forth in more detail in the Information, **Count One** charges that on or about March 15, 2014 the defendant did knowingly and intentionally distribute a measurable quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled

2

substance, the use of which resulted in the serious bodily injury of J.H.H, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); **Count Two** charges that on or about March 21, 2014 the defendant did knowingly and intentionally aid and abet in the distribution of a measurable quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, the use of which resulted in the serious bodily injury of J.H.H, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and in addition the Information contains a **Notice of Forfeiture** apprising the above-named defendant that certain of his property is subject to forfeiture upon conviction of one or more of the offenses alleged against him in the Information.

## DEFENDANT'S RESPONSES TO RULE 7 INQUIRIES

Upon further questioning, the defendant confirmed that no threats or promises had been made to induce him to waive grand jury indictment; he stated his decision to proceed on the charged offenses by Information was fully voluntary. He represented that he understood both Counts in the Information were serious felony offenses and that his conviction of either or both of these offences would most likely result in lengthy period of incarceration. After acknowledging his signature on the written Waiver of Indictment, it was received, filed and made a part of the record. It was noted for the record that **the defendant's waiver of indictment was knowingly and voluntarily made with the advice and assistance of counsel**. With the advice and assistance of his counsel, the defendant then waived his right to a preliminary hearing *See* Rule 5.1(a)(1).

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

Upon questioning, the defendant again acknowledged his obligation to testify truthfully in all respects under penalty of perjury, and he stated he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under

3

oath.  *See* Rule 11(b)(1)(A).  The defendant then testified that his name is DAVID JOSUEH MEDINA; he is thirty-four (34) years of age, and he has a ninth grade education.  He represented that he can read, write and understand the English language without difficulty.  The defendant's attorney then stated that he had no reservations about his client's understanding and competency to enter pleas of guilty pursuant to the terms of the plea agreement.

After representing that he had received a copy of the Information, the defendant stated he fully understood the nature of the two charges against him.  He stated that he had discussed the charges with his attorney; he had been given enough time to do so, and he specifically understood each count charged a felony offense.  *See* Rule 11(b)(1)(G).  He testified that he had discussed with his attorney the various offense elements which must be proven by the government beyond a reasonable doubt and any possible defenses he might have.  He stated that he had been given adequate time to prepare any defenses he might have to the charges.  He stated that his decision to enter pleas of guilty to a **lesser included offense of Count One** and a **lesser included offense of Count Two** of the Information had been made after consulting with his attorney and that he was fully satisfied with the services of his attorney.

He next stated that he understood he was in court for the purpose of entering pleas of guilty to two felony offenses pursuant to the express terms of the plea agreement.  Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter pleas of guilty to the two felony offenses in accordance with the terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge.  The defendant's written consent was filed and made a part of the record.

4

Counsel for both parties informed the court that the defendant's proposed pleas were to be made pursuant to a **written plea agreement reached in accordance with Rule 11(c)(1)(C).** (S*ee* Rule 11(c)(2)). Counsel for the government then set forth the government's understanding of the plea agreement in some detail: including the agreement of the defendant to plead guilty to lesser included offenses alleged against him in Counts One and Two of the Information [¶A.1.]; the defendant's express acknowledgment that the maximum statutory penalty for the lesser offense charged in Count One (distribution of heroin, a Schedule I controlled substance, on March 15, 2014 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (involving J.H.H.)) is a maximum twenty-year term of imprisonment, a fine of $1,000,000.00 and a period of supervised release of at least three years, and in Count Two (aiding and abetting and distributing heroin, a Schedule I controlled substance, on March 21, 2014 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (involving J.H.H.)) is a maximum twenty-year term of imprisonment, a fine of $1,000,000.00 and a period of supervised release of at least three years [¶A.1.]; his express recognition that if he were convicted of the offense alleged in Count One, he would be subject to a mandatory minimum term of imprisonment of twenty years, and if he were convicted of the offense alleged in Count Two, he would be similarly subject to a mandatory minimum term of imprisonment of twenty years [¶A.1.]; his acknowledgment that he will be required to pay a special assessment of $100 per felony count of conviction and that he may be required to pay restitution and that his assets may be subject to forfeiture [¶¶A.1. and B.3.a.]; his express admission of his factual guilt to the lesser offense charged in Count One and the lesser offense charged in Count Two [¶A.1.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's sentencing provision setting forth the parties' agreement to the imposition of a sentence within the range of 156 months and 240 months for Counts One and Two [¶B.1.]; the parties stipulation that this is a

5

"reasonable sentence under all of the facts and circumstances of this case" [¶B.1.]; to the extent not inconsistent with the stipulations and terms of the plea agreement all other sentencing matters are left to the court's discretion [¶B.1.]; the express understanding that the plea agreement may be either accepted or rejected in its entirety pursuant to Rule 11(c)(1)(C), and the understanding that if rejected the defendant will be allowed to withdraw his pleas of guilty [B.1.]; the defendant's express acknowledgment that he would not be eligible for parole during any term of incarceration [¶ B.1.]; the stipulated agreement that the 2013 edition of the Guidelines Manuel applies to any guideline calculation [B.2.]; the further express understanding that had the defendant chosen to proceed absent the relevant provisions of this plea agreement, the guideline section 2D1.1(a)(2) [base offense level 38] [Death or serious bodily injury resulting from the use of the substance]; the defendant's monetary and related obligations, including the terms of his obligation to pay a mandatory assessment of $200.00 and to pay restitution of the entire scope of his criminal conduct [¶B.3.a.]; the terms of the defendant's financial disclosure obligations [¶B.3.b]; the scope of the defendant's express waiver of his right of direct appeal [¶C.1.]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶C.2.]; the defendant's waiver without limitation of any right to access any records pertaining to the investigation or prosecution of this case [¶C.3.]; the defendant's abandonment of any seized property [¶C.5.]; the defendant's stipulation of the admissibility and waiver of any constitutional or other legal protections related to any statements previously made by him in any setting in the event he withdraws his pleas of guilty [¶C.6.]; the defendant's various additional obligations [¶C.7.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶D.]; the defendant's stipulation and agreement that he had been effectively represented in this case [¶E.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between

6

the parties and that it did not apply to any crimes or charges not addressed in the agreement [¶E.2.]; the agreement's provision pertaining to the defendant's waiver of any misconduct claims [¶E.3.]; the defendant's stipulation that there is a sufficient factual basis to support the elements of the offenses to which he is pleading guilty [¶E.5.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked whether his understanding of the terms of the agreement was different in any way from that outlined by the attorney for the government, and he testified that his understanding was the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same; he further represented that each of its terms had been reviewed with the defendant, and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter pleas of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After the range of punishment for the lesser included offense charged in Count One (distribution of heroin, a Schedule I controlled substance, on 03/15/2014 (involving J.H.H.)) and for the lesser included offense charged in Count Two (aiding and abetting and distribution of heroin, a Schedule I controlled substance, on 03/21/2014) (involving J.H.H.)) of the Information had been outlined to the defendant, he acknowledged that he understood the maximum statutory penalty proved by law for conviction of each said lesser included offense is a fine of $1,000,000.00, a twenty (20) year term of imprisonment, and a term of supervised release of at

7

least three (3) years.  *See* Rule 11(b)(H)-(I).  In addition, the defendant re-acknowledged that he understood that he would be required to pay a mandatory $200.00 special assessment.  *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his pleas, if accepted, would result in him being adjudged guilty of two felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination whether to accept or reject the plea agreement would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution.  He also acknowledged that he understood the court may order him to make full restitution to any victim and could require him to forfeit certain property to the government pursuant to the terms of the plea agreement.  *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a).  *See* Rule 11(b)(1)(M).  He stated that he understood that the court will not be able to determine the recommended guideline sentence for

8

his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and that he knew to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a mandatory period of "supervised release" or his deportation and exclusion from the United States, and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶C.1.], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶C.2.], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against his; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the

9

issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous jury verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the aforesaid lesser included offenses of Counts One and Two of the Information because he in fact participated in the criminal activities outlined against him in those two felony counts of the Information.

To permit the court to determine whether an independent basis in fact existed for the defendant′s guilty pleas, counsel for the government submitted for filing as part of the record a written Redacted Statement of Facts which summarized the essential facts that the government was prepared to prove at trial to establish the lesser included offenses of Counts One and Two of the Information. An unredacted copy of the Statement of Facts was separately received for filing not as a part of the public record. The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, had signed it, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that it fairly summarized the government′s case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding, had no questions and did not need to consult further with his counsel, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. By agreement, Count One of the Information was amended as to this defendant to charge the lesser included offense of distribution of heroin, a Schedule I controlled substance, on 03/15/2014 (involving J.H.H.) and Count Two of the Information was amended as to this defendant to charge the lesser

10

included offense of aiding and abetting and distribution of heroin, a Schedule I controlled substance, on 03/21/2014) (involving J.H.H.). By counsel, the defendant waived his right to a reading of the Information (as amended). Upon then being then called-upon for his pleas, the defendant entered a plea of GUILTY to the lesser offense charged in Count One alleging him with violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C), and a plea of GUILTY to the lesser offense charged in Count Two alleging his violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his pleas of guilty and after an independent basis for each plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty pleas would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it.

On motion of the defendant, and without objection by the government, he was granted release on his unsecured bond with terms and conditions, pending preparation of a pre-sentence report and acceptance of his guilty pleas. The defendant was ordered to appear on February 25, 2015 at 1:30 p.m. for sentencing.

11

## GOVERNMENT'S EVIDENCE

The written Statement of Facts (both redacted and unredacted) referenced above are incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The parties have entered in to a plea agreement pursuant to **Rule 11(c)(1)(C),** and it is recommended that this plea agreement be accepted in its entirety;

2. The defendant is fully competent and capable of entering an informed plea to the lesser included offense of Count One of the Information;

3. The defendant is fully competent and capable of entering an informed plea to the lesser included offense of Count Two of the Information;

4. The defendant is fully aware of the nature of the lesser included offense of Count One, and he is also fully aware of the consequences of his guilty plea to said offense;

5. The defendant is fully aware of the nature of the lesser included offense of Count Two, and he is also fully aware of the consequences of his guilty plea to said offense;

6. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

7. The defendant's pleas of guilty were made pursuant to a fully voluntary written plea agreement, in which the parties mutually agree that a sentence of imprisonment within the range of **156 months (13 years) and 240 months (20 years)** is a reasonable sentence for the defendant's conduct charged in Counts One and Two conserving all of the facts of this case;

8. The defendant's entry into the plea agreement and his tender of two pleas of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

9. The defendant knowingly and voluntarily entered his said pleas of guilty;

12

10. The defendant's pleas of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

11. The plea agreement complies with the requirements of Rule 11(c)(1);

12. The evidence presents an independent basis in fact containing each essential element of the two felony offenses to which the defendant has entered pleas of guilty; and

13. The period of time during which the plea agreement is under consideration by the court is excludable from speedy trial computation (*see* 18 U.S.C. § 3161(h)(1)(G));

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court **ACCEPT** the defendant's pleas of guilty to the lesser included charge of Count One and to the lesser included charge of Count Two of the Information; that he be **ADJUDGED GUILTY** of each these two felony offenses, and that a sentencing hearing be held on February 25, 2015 beginning at 1:30 p.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

13

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED:  This 12th day of December 2014.

*s/James G. Welsh*

United States Magistrate Judge

Case 5:14-cr-00044-MFU-JGW   Document 29   Filed 12/12/14   Page 14 of 14   Pageid#: 70