# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Case No. 5:14-CR-44 |
| | ) |
| v. | ) |
| | ) |
| DAVID JOSUEH MEDINA, | ) By: Hon. Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

On March 23, 2021, David Josueh Medina, proceeding pro se, filed a motion to reduce his sentence pursuant to the First Step Act of 2018 and a motion to appoint counsel. ECF No. 49. The Federal Public Defender (FPD) was appointed to investigate Medina's claims and to file a supplemental petition if warranted. On April 26, 2021, the FPD notified the court that she would not be filing a supplemental petition.[1] ECF No. 56. The government filed a motion to dismiss Medina's claims on May 3, 2021. ECF No. 57. As discussed more fully below, because the court has determined that Medina is not entitled to relief, his claim is **DENIED**.

On November 10, 2014, Medina entered into a plea agreement in which he agreed to plead guilty to one charge of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one charge of aiding and abetting distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 7. On March 25, 2015 he was sentenced to a term of 168 months to be followed by a 3-year term of supervised release. ECF No. 40.

---

[1] The FPD's response referred to a 18 U.S.C. § 3582(c)(1)(A)(i) petition for compassionate release. Both the United States and the court, however, interpreted Medina's motion as a request for a sentence reduction pursuant to § 404(b) of the First Step Act. Because it is clear that Medina is not eligible for such relief, the discrepancy between the type of relief mentioned in the FPD's response and the actual relief sought by Medina raises no concerns about the FPD's determination not to file a supplemental petition.

Medina seeks relief under § 404(b) of the First Step Act, but his claim must be denied. The First Step Act of 2018 made the Fair Sentencing Act, passed in 2010, retroactive. Both the Fair Sentencing Act and the First Step Act address disparities in sentences involving the distribution of cocaine base and powder cocaine. Section 2 of the Fair Sentencing Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010).

Section 404(b) of the First Step Act of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

Medina was convicted of charges involving the distribution of heroin, not cocaine base. Because the Fair Sentencing Act only addresses convictions involving cocaine base, Medina is not eligible for consideration of a sentence reduction under the terms of the Act.

Additionally, Medina committed his offense in 2014 and was sentenced in 2015, well after passage of the Fair Sentencing Act and well after the eligibility date set by the First Step Act, August 3, 2010. ECF Nos. 1, 40. Thus, even if he were convicted of charges involving cocaine base rather than heroin, and therefore eligible under the Fair Sentencing Act, the modifications of the relevant statutes were in effect at the time he was sentenced and he would

not be entitled to an additional reduction. Accordingly, Medina's motion for modification of his sentence based on § 404(b) of the First Step Act is **DENIED**.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: July 8, 2021

Michael F. Urbanski
Chief United States District Judge